UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE B., <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 4:24-cv-00219-AKB-REP <br><br> **REPORT AND RECOMMENDATION** |

Pending is Plaintiff Nicole B.'s Complaint for Review of Social Security (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I. ADMINISTRATIVE PROCEEDINGS

On April 28, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning August 1, 2011. The claim was originally denied on November 16, 2021, and again on reconsideration on May 18, 2022. On July 6, 2022, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On May 4, 2023, ALJ Luke Brennan held a telephonic hearing (due to the COVID-19 Pandemic), at which time Plaintiff, appearing without the assistance of an attorney or other representative, testified. James Miller, an impartial vocational expert, also appeared and testified at the same hearing.

On July 31, 2023, the ALJ issued a decision denying Plaintiff's claim, finding that she was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On March 1, 2024, the Appeals Council denied Plaintiff's

**REPORT AND RECOMMENDATION - 1**

Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff is now represented by attorney Andrew Adams and, having exhausted her administrative remedies, brings this case. She contends that the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff takes issue with the ALJ's evaluation of, and subsequent residual functional capacity ("RFC") findings, regarding three specific impairments: migraines, spinal disorders, and anxiety. Pl.'s Brief at 4-11 (Dkt. 11). Plaintiff requests that the Court either reverse the ALJ's decision and find that she is entitled to benefits, or remand the case for further proceedings. *Id*. at 11; *see also* Compl. at 2 (Dkt. 1).

## II. **STANDARD OF REVIEW**

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible

**REPORT AND RECOMMENDATION - 2**

for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. REPORT

#### A. Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the

**REPORT AND RECOMMENDATION - 3**

claimant has engaged in SGA, disability benefits are denied regardless of her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from August 1, 2011 (the alleged onset date) through her date last insured of March 31, 2018. AR 24.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner had the following severe medically determinable impairments: hiatal hernia, migraine headaches, degenerative disc disease of the lumbar spine with spondylosis and stenosis, right elbow lateral epicondylitis, right greater trochanteric bursitis, and a generalized anxiety disorder. AR 24.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

**REPORT AND RECOMMENDATION - 4**

evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Petitioner's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 24-26.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently; she can stand/walk 4 hours and sit 6 hours of an 8-hour workday; can occasionally climb ramps and stairs, but can never climb ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, and crouch, but can never crawl; can work in an environment with only a moderate noise level, such as office settings, grocery stores, and light traffic; must avoid work outdoors in bright sunshine; no work with bright or flickering lights, such as would be expected in welding or cutting metals; can occasionally work around hazards, such as exposed heights; can understand, remember and carry out simple, routine tasks; can occasionally interact with supervisors, coworkers and public; and can adapt to occasional changes to a routine work setting.

AR 26.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate

**REPORT AND RECOMMENDATION - 5**

work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.  Here, the ALJ found that Plaintiff was unable to perform any past relevant work as a restaurant server, retail clerk, pharmacy technician, and mixer and weigher, but still was capable of working full-time in the following occupations: price marker, sub assembler, and small products assembler.  AR 30-32.  Based on these findings, the ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2011 (the alleged onset date) through March 31, 2018, the date last insured.  AR 32.

**B.     Analysis**

Plaintiff argues that the ALJ committed the following errors in finding her not disabled: (i) the ALJ improperly analyzed her migraine headaches; (ii) the ALJ failed to find that her orthopedic impairments met the requirements of Listings 1.15 or 1.16; and (iii) the ALJ failed to find that her anxiety met the requirements of Listing 12.06.  Pl.'s Brief at 5-11 (Dkt. 11).  Based on these claims, Plaintiff contends that the ALJ's decision is not supported by the requisite substantial evidence.  Each of these arguments is addressed below.

   1. <u>The ALJ Properly Analyzed Plaintiff's Migraine Headaches</u>

Plaintiff first takes issue with how the ALJ accounted for her migraine headaches within her RFC.  To that point, after concluding that Plaintiff's migraine headaches constituted a severe impairment at step two of the sequential process, the ALJ determined at step four that Plaintiff had the RFC to perform light work (i) "in an environment with only a moderate noise level," but (ii) "must avoid work outdoors in bright sunshine," and (iii) "no work with bright or flickering lights."  AR 24 & 26.  Plaintiff disputes these findings and asserts instead that "[a] reasonable

**REPORT AND RECOMMENDATION - 6**

mind would conclude that [her] migraines precluded her from employment." Pl.'s Brief at 5 (Dkt. 11). To support her position, Plaintiff points generally to the medical record and its documentation of her migraine headaches, before arguing that the ALJ's RFC fails to include the corresponding "appropriate limitations." *Id*. at 5-7. These arguments are without merit.

Most critically, the issue is not whether Plaintiff has migraine headaches or whether her migraine headaches limit her ability to do basic work activity. To be clear, there is no dispute that Plaintiff suffers from migraine headaches which are severe, insofar as they more than minimally limit her ability to do basic work activities. AR 24 (ALJ concluding that Plaintiff's migraine headaches constitute a severe impairment). However, this understood, severe impairment and related limitations do not *ipso facto* establish disability. *See Mullins v. Astrue*, 2012 WL 71708, at *6 (C.D. Cal. 2012) ("the existence of some pain does not constitute a disability if it does not prevent Plaintiff from working"); *see also Fair v. Brown*, 885 F.2d 597, 603 (9th Cir. 1989) (the social security program is "intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would extend the class of recipients far beyond that contemplated by the statute").

Rather, the lynchpin issue is the extent to which Plaintiff's migraine headaches and associated limitations prevent her from working at all. To that end, the ALJ specifically accounted for Plaintiff's migraine headaches and associated limitations when fashioning Plaintiff's RFC. AR 26 ("[T]he claimant had the residual functional capacity to perform light work … with the following additional limitations …., [including noise and light limitations]"); AR 27 ("The claimant reported constant daily headaches and described variable symptoms …. I considered the claimant's migraine headache disorder as a primary impairment pursuant to SSR 19-4p."). Plaintiff's references to certain medical records that confirm her migraine headaches, without more, do not establish inconsistencies with the ALJ's RFC. In other words, where

**REPORT AND RECOMMENDATION - 7**

Plaintiff's critique of the ALJ's RFC hinges upon the mere existence of her migraine headaches and their related symptoms, it misses the point because the ALJ already acknowledged as much: (i) Plaintiff suffers from migraine headaches; (ii) Plaintiff's migraine headaches are severe; and (iii) the limitations associated with Plaintiff's migraine headaches were incorporated into Plaintiff's RFC.

Finally, Plaintiff acknowledges that the ALJ's RFC included limitations particular to her migraine headaches. *See* Pl.'s Brief at 6 (Dkt. 11) (adding that her migraine headaches are also triggered by "random smells (like walking through the mall)") (citing AR 429). She nonetheless counters that these limitations would still "surely cause an increase in migraines" and that she will "not be able to perform any work within these limitations due to the well documented history of migraines." *Id*. at 6-7. That is not enough. Plaintiff must identify evidence showing that she is more limited than the ALJ's RFC or, relatedly, that the ALJ's RFC did not properly incorporate all of her limitations. *See, e.g.*, *Yanchar v. Berryhill*, 720 F. App'x 367, 370 (9th Cir. 2017 (unpublished) (finding that a plaintiff had not shown that she was harmed by the ALJ's classification of her depression as non-severe, where the plaintiff pointed to evidence that she was diagnosed with depression but did not "identify any functional limitations stemming from" the diagnosis that the ALJ failed to consider as part of the RFC). The Court "rejects[s] any invitation to find that the ALJ failed to account for [additional medically determinable impairments and their associated limitations] in some unspecified way." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

The ALJ thus appropriately considered the evidence throughout the alleged disability period and concluded that Plaintiff was not disabled at any point during that time. Plaintiff views the evidence differently. Except, even assuming the evidence is susceptible to more than one rational interpretation, the Court is required to uphold the ALJ's findings if they are

**REPORT AND RECOMMENDATION - 8**

supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. Because the Court cannot say the ALJ's determination is unreasonable and not supported by substantial evidence, the Court will not disturb the ALJ's finding.

Remand is not warranted on this issue.

2. <u>The ALJ Properly Concluded that Plaintiff's Orthopedic Impairments Did Not Meet or Medically Equal Listings 1.15 or 1.16</u>

Plaintiff next challenges the ALJ's conclusion at step three of the sequential process that her orthopedic impairments did not meet or medically equal a listed impairment. AR 24-25. Plaintiff argues that this finding amounts to reversible error because, according to her, "the record demonstrates that she meets the requirements for Listings 1.15 or 1.16," and also "[a] reasonable person could only conclude that her disability meets the criteria." Pl.'s Brief at 7 (Dkt. 11). The undersigned disagrees.

At step three, Social Security claimants bear the burden to show "signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Each listing sets out "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). "For a claimant to show that [her] impairment matches a Listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see also* 20 C.F.R. Part 404, Subpart P, App. 1, Section 1.00C7c ("For 1.15 [and] 1.16 …, all of the required criteria must be present simultaneously, or within a close proximity of time, to satisfy the level of severity needed to meet the listing."). Step three imposes "strict standards" to satisfy "because they automatically end the five-step inquiry before residual functional capacity is even considered." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013);

**REPORT AND RECOMMENDATION - 9**

Relevant here, Listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root) and Listing 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina) can be satisfied in part by showing that the claimant has either:

> (i) a "documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands"; or

> (ii) an "inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and cross movements, and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand."

20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.15, 1.16. The ALJ concluded that the medical records do not establish that Plaintiff met either of these standards and therefore did not meet either Listing 1.15 or 1.16. AR 24-25.

Plaintiff disagrees. But in doing so, she proceeds to reference portions of the medical record that satisfy altogether different (but still required) criteria for Listings 1.15 and 1.16. *See* Pl.'s Brief at 7-8 (Dkt. 11). Whether Plaintiff's orthopedic impairments meet Listings 1.15 or 1.16, however, does not turn on these other criteria; rather, consistent with the ALJ's reasoning, it depends on whether Plaintiff has a documented medical need for an assistive device (walker, cane(s), or crutches) or a mobility device (wheelchair). *Supra*. On that score, Plaintiff concedes that she "does not have a cane or a wheelchair as noted by [Listings] 1.15 or 1.16." Pl.'s Brief at 9 (Dkt. 11). Thus, Plaintiff's orthopedic impairments clearly do not meet Listings 1.15 or 1.16.

Even so, Plaintiff references that she had a spinal cord stimulator placed in 2020, and though it ultimately failed, "it definitely falls within the 'spirit' of the listings" since its purpose was to reduce pain. Pl.'s Brief at 8-9 (Dkt. 11). Plaintiff cites to no legal authority supporting such an argument. Moreover, the mere fact of Plaintiff's spinal cord stimulator does not support a finding that her orthopedic impairments medically equal Listings 1.15 or 1.16.

**REPORT AND RECOMMENDATION - 10**

If an impairment does not meet a listing, it may be considered "medically equivalent" only if "the claimant has signs and laboratory findings that are equal in severity to those set forth in a listing." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). "'A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of [her] … impairments is as severe as that of a listed impairment.' The reason for this is clear. Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy*, 738 F.3d at 1176 (quoting *Zebley*, 493 U.S. at 531-32). "A generalized assertion of functional problems is not enough to establish disability at step three." *Tackett*, 180 F.3d at 1100.

Here, Plaintiff does not articulate a theory supported by specific medical evidence in the record that her orthopedic impairments medically equal Listings 1.15 or 1.16. She instead argues that, owing to her pain (as evidenced by the spinal cord stimulator), she *should* be using a cane or a wheelchair. *See* Pl.'s Reply at 5 (Dkt. 14) ("A reasonable mind would review the evidence and determine that the Plaintiff has shown that during the period of insured (and after), she needs assistance with her legs and hands."). This generalized assertion of severe functional problems, untethered from the medical evidence, is insufficient. *See Tackett*, 180 F.3d at 1100; *Zebley*, 493 U.S. at 531-32.

Remand is not warranted on this issue.

3. The ALJ Did Not Err in Concluding that Plaintiff's Anxiety Did Not Meet or Medically Equal Listing 12.06

Plaintiff's final challenge similarly relates to the ALJ's conclusion at step three of the sequential process that her anxiety did not meet or medically equal Listing 12.06. Plaintiff argues that this finding also amounts to reversible error because the ALJ was "wrong" in two respects. First, the ALJ was wrong in finding only moderate limitations relative to Listing

REPORT AND RECOMMENDATION - 11

12.06's Paragraph B criteria (areas of mental functioning). Pl.'s Brief at 9-11 (Dkt. 11) (citing AR 25-26). Second, the ALJ was wrong in not finding her anxiety to be "serious and persistent" pursuant to Listing 12.06's Paragraph C criteria, i.e., that she has minimal capacity to adapt to changes in her environment or to demands that are not already part of her daily life. *Id*. The undersigned again disagrees.

Independent of Listing 12.06's specific criteria, Plaintiff references treatment notes from 2022 to highlight her risk factors for suicide and self-harm. *Id*. at 9-10 (citing AR 1818-19, 1835). From this, Plaintiff argues that her anxiety necessarily meets Listing 12.06's criteria. *Id*. at 10-11 ("The records paint a picture of someone who has multiple causes for concern with suicide and self-harm. A reasonable person could only conclude that her anxiety was severe and persistent. She unfortunately qualifies for … 12.06."). But these treatment notes followed the relevant time period (Plaintiff's date last insured of March 31, 2018) by nearly four years. Importantly, evidence from outside the relevant period in a case is of limited relevance. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (date of social worker's opinion, rendered outside the relevant period between the alleged onset date and the date last insured, was a germane reason to not address the opinion).

In contrast, as referenced by the ALJ, records within the relevant time period did not substantiate significant symptoms vis à vis generalized anxiety disorder, and additionally noted "[n]o evidence of acute risk of harm to self or others." AR 29 (citing AR 1044-45, 1700-01). Still, the ALJ concluded that Plaintiff's anxiety represented a severe impairment at step two. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Here, the ALJ reasonably

**REPORT AND RECOMMENDATION - 12**

concluded that the objective medical evidence did not support the level of impairment Plaintiff alleged prior to her date last insured of March 31, 2018.

Remand is not warranted on this issue.

## IV. <u>CONCLUSION</u>

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The ALJ has provided reasonable and rational support for his well-formed conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Plaintiff's disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision should be affirmed and Plaintiff's Complaint for Review should be denied.

## V. <u>RECOMMENDATION</u>

Based on the foregoing, IT IS HEREBY RECOMMENDED that the decision of the Commissioner be AFFIRMED, that Plaintiff's Complaint for Review (Dkt. 1) be DENIED, and this action be DISMISSED in its entirety, with prejudice.

///

///

///

///

///

///

///

///

///

**REPORT AND RECOMMENDATION - 13**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED: June 20, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 14**